UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DOUGLAS BISHOP, as an individual, and as Personal Representative for the ESTATE OF QUINCY BISHOP, and on behalf of B.G.B. and M.D.B, minors, VICTORIA BISHOP, as an individual, CORY BISHOP and KIARA BISHOP and the marital community comprised thereof;<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF BUCKLEY, a political subdivision of the State of Washington d/b/a Buckley Police Department, ARTHUR FETTER, an individual and KURT ALFANO, an individual;<br><br>Defendants. | No.<br><br>**COMPLAINT AND**<br><br>**DEMAND FOR JURY** |

COME NOW the above-named Plaintiffs, by and through their attorneys of record John. R. Connelly, Jr., Meaghan M. Driscoll, and Samuel J. Daheim, and Connelly Law Offices, PLLC, and by way of claim allege upon personal knowledge as to themselves and their own actions, and upon information and belief upon all other matters, as follows.

1. This case arises from the unnecessary, negligent, and wrongful killing of Quincy Bishop, a young father, brother and son, who was shot unnecessarily by police in

1  front of his home due to the failure of the responding agency and police officers to follow

2  proper police procedure and properly control the scene.

### I.     PARTIES

2.     Defendant CITY OF BUCKLEY is a political subdivision of the State of Washington.  Among other things, the City of Buckley provides law enforcement services through its police department, the Buckley Police Department.  Buckley's Police Department's purpose is to protect citizens from harm, and its mission is supposed to include creating a safe and secure environment in which to live and work, enforcing the law in a fair and impartial manner in accordance with applicable police standards and practices, and safeguarding its citizens' Constitutional rights.  The negligent conduct and civil rights violations delineated herein were proximately caused by the City of Buckley's customs, policies and usages, ratification of misconduct, and the decisions of its policymakers.

3.     Defendant KURT ALFANO is the Chief of the City of Buckley Police Department who, at all times relevant hereto, was acting under color of law.  In his role as Chief, Defendant Alfano is responsible for formulating and implementing the Buckley Police Department's policies and procedures and ensuring that its officers are properly and adequately trained.

4.     Defendant ARTHUR FETTER is a City of Buckley police officer who, at all times relevant hereto, was acting under color of law.

5.     Plaintiff DOUGLAS BISHOP is the father of the deceased, Quincy Bishop, with which he had a close and loving relationship.  Douglas Bishop and the Bishop family are long-time residents of the Orting Community in Pierce County, and Douglas Bishop is a former Buckley Police Officer.  Plaintiff Douglas Bishop currently resides in Orting, Pierce

County, Washington with his wife Victoria Bishop. Plaintiff Douglas Bishop had a close and loving relationship with his son, Quincy Bishop. He brings claims individually, and also as Personal Representative of the Estate of his son, Quincy Bishop, deceased.

6. Plaintiff VICTORIA BISHOP is also a long-time resident of the Orting Community. She is Douglas Bishop's wife and the mother of Quincy Bishop, deceased. She had a close and loving relationship with her son.

7. Plaintiffs B.G.B. and M.D.B are Quincy Bishop's minor daughters. Quincy had a close and loving relationship with his daughters and resided with them. B.G.D and M.D.B currently reside in the neighboring community of Carbonato, WA with their mother.

8. Plaintiff CORY BISHOP is Quincy Bishop's brother and a current resident of Puyallup, Pierce County, Washington. Cory Bishop was raised in Orting with his brother, Quincy, and they had a close and loving relationship. At all times material hereto, the brothers resided together at Cory Bishop's home in Puyallup, WA.

9. The officer involved shooting that is the subject of this complaint occurred at Cory Bishop's home. Cory Bishop was near to, witnessed and watched in horror as his brother was unnecessarily shot multiple times and killed by officer(s) of the City of Buckley Police Department.

10. Plaintiff KIARA BISHOP is Cory Bishop's wife and is a resident of Puyallup, Washington. The officer involved shooting complained of occurred at her home while she was present.

11. QUINCY IVAN BISHOP was a loving son, brother and father who was shot and killed in his own truck by officer(s) of the City of Buckley. His Estate and his beneficiaries bring claims through Quincy's surviving father and Personal Representative,

1   Douglas Bishop.

2   12. Plaintiffs named herein are collectively referred to as the Bishop family.

## II. JURISDICTION & VENUE

13. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 and § 1367.

14. Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391 because Defendants CITY OF BUCKLEY is located in this judicial district and because a substantial portion of the events and omissions giving rise to this claim occurred in Pierce County, Washington, within the Western District of Washington.

## III. STATUTORY COMPLIANCE

15. On or about May 12, 2021 the City of Buckley was served with tort claims on behalf of the Bishop family.

16. All prerequisites to the maintenance of this action imposed by RCW 4.96 have accordingly been satisfied.

## IV. STATEMENT OF FACTS

17. This case arises from the wrongful killing of Quincy Bishop, a young father who was shot by police in front of his home and family due to Defendant's negligent, reckless, and deliberately indifferent handling of a routine police matter resulting in unnecessary and preventable use of deadly force.

18. On November 1, 2020, Defendant Arthur Fetter, acting for and on behalf of the Buckley Police Department in his role as a police officer, texted Cory Bishop to ask about the whereabouts of his brother, Quincy. Cory responded and Officer Fetter made arrangements through Cory to meet Quincy and Cory at Cory's home.

19. On November 1, 2020, at approximately 9:00 p.m., Defendant Fetter of the

1  Buckley Police Department arrived at the residence of Cory Michael Bishop to question his
2  brother, Quincy Bishop, about a domestic situation that occurred earlier in the day.

3  20.  Defendant Arthur Fetter attended high school with Cory and Quincy Bishop
4  and was well acquainted with the brothers and the Bishop family during and after high school.

5  21.  Defendant Fetter was accompanied by the Puyallup Police Department as well
6  as at least one other deputy of the Pierce County Sheriff's Office. When officers arrived at the
7  home, Quincy and Cory were outside waiting for them.

8  22.  Defendant Fetter informed Quincy he was not under arrest and asked him to
9  come with them to the station for questioning.

10  23.  Quincy complied with the officers and asked if he could retrieve his wallet
11  from his truck. Quincy was allowed by police officers to go to his truck. While retrieving his
12  wallet, Quincy asked the officers why he couldn't drive himself to the police station if he was
13  not under arrest.

14  24.  Defendant Fetter unreasonably and unnecessarily escalated the situation by
15  grabbing Quincy with both hands and telling him he could go "the easy way or the hard way"
16  before he began forcibly pulling him from his own vehicle.  At that point, he forcibly began
17  physically grabbing Quincy.  Quincy was not under arrest and had been expressly told that he
18  was not under arrest.

19  25.  Moments after grabbing Quincy from the vehicle, Defendant Fetter stepped
20  back, unholstered his weapon, and without warning, shot Quincy with his service firearm,
21  prompting other officers on the scene to shoot. Together these officers fired 5-7 shots at
22  Quincy Bishop in front of his brother Cory, striking him multiple times in close proximity,
23  and killing him.

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

26. Cory Bishop was forced to watch helplessly as the officers unnecessarily shot and killed his brother in front of him.

27. Cory Bishop was then unlawfully and unreasonably detained in a police car for hours for being a witness to the shooting. Cory was in severe distress as officers would not let him out to be with his brother or assist in rendering aid. In the police car Cory was helpless and separated from his brother who lay dying in the street.

28. Meanwhile, Quincy Bishop was laid on the roadway, suffering and bleeding out from multiple gunshot wounds.

29. Quincy suffered extreme pain and suffering and eventually succumbed to the injuries inflicted by multiple gunshot wounds, bled out and died in at the scene. Witnesses state his body was left on the roadway for hours.

30. As a direct and proximate result of Defendants' unreasonable conduct, Quincy Bishop was killed and his Estate sustained general and special damages which will be proven with specificity at the time of trial. Plaintiffs, the Bishop family, sustained severe physical and emotional pain and suffering and mental anguish, loss of their relationship with Quincy, and other general and special damages which will be proven with specificity at the time of trial.

31. The Estate of Quincy Bishop and its beneficiaries, have suffered significant, ongoing general and special damages which have continued to the present and will continue for an indefinite time into the future and are, therefore, permanent, as a direct and proximate result of Defendants' negligence.

32. As a direct and proximate result of Defendants' actions, Plaintiff Cory Bishop lost his brother, suffered outrage, fear, anxiety, depression, trauma, severe mental anguish,

emotional distress with objective symptoms, and other special and general damages in an amount to be proven at trial. His wife Kiara Bishop was in the house, heard the shots, observed Quincy's body lying in the street, and suffered severe emotional distress. She has suffered from loss of consortium, among other special and general damages in an amount to be proven at trial.

33. Buckley Police Department officers were not properly trained, they failed to follow standard police practices and protocols, lacked knowledge of standards regarding the use of deadly force, failed to properly control the scene, failed to have an appropriate plan for the contact, questioning, or arrest and detention of Quincy Bishop, failed to have adequate supervision, and were unnecessarily aggressive toward Quincy.

### V. FIRST CAUSE OF ACTION – UNCONSTITUTIONAL USE OF EXCESSIVE FORCE

34. By virtue of the facts set forth above, the Defendants are liable for compensatory and punitive damages for subjecting, or causing to be subjected, Quincy Bishop, a citizen of the United States, to a deprivation of the right guaranteed by the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983, to be free from unreasonable searches of his person, unreasonable searches and entries into his home and the surrounding curtilage, and to be free from deprivations of his life. Defendants did this by performing the seizure in an unreasonable, dangerous and violent manner, and by shooting Quincy Bishop without legal cause or justification. Defendants are liable pursuant to law for depriving Quincy Bishop of his life, liberty and property and for punitive damages, compensatory damages and reasonable attorneys' fees and costs.

35. In addition, parents have a constitutionally protected interest under the

Fourteenth Amendment in the companionship and society of their children and children have a constitutionally protected interest under the Fourteenth Amendment in the companionship and society of their father.

36. These rights are long-standing and were clearly established at all times relevant hereto.

37. Defendants violated Quincy Bishop and the Bishop Family's constitutional rights by engaging in an unreasonable search and seizure, engaging in unlawful seizure and by using excessive, deadly force against Quincy Bishop — as set forth herein, and in other respects as well.

38. As a result of those violations by Defendants, Quincy Bishop was shot and killed and experienced substantial pre-death pain, suffering, and pre-death terror.

39. As a result of these and other violations by Defendants, Plaintiffs B.G.B and M.D.B. lost their father and Plaintiffs Douglas and Victoria Bishop lost their son.

40. As a result of these and other violations by Defendants, Plaintiff Cory Bishop, who witnessed the needless shooting of his brother, and Plaintiff Kiara Bishop suffered severe emotional distress as a direct and proximate result of Defendants' deliberate indifference, callousness and negligence.

### VI. SECOND CAUSE OF ACTION –VIOLATIONS OF CONSTITUTIONAL RIGHTS BY DEFENDANT CITY OF BUCKLEY AND POLICY MAKERS

41. Defendant City of Buckley and its policy makers acted with deliberate indifference to Plaintiffs' Constitutional rights — as set forth above, and by failing to train its law enforcement officers, failing to supervise and monitor its law enforcement officers, failing to adopt and implement policies for, among other things, crisis intervention, de-

escalation, investigatory questioning without an arrest, non-lethal tactics, and the decision-making process that should accompany control of a scene, detention of a citizen for questioning, and use of lethal force, and in other respects as well.

42.  It was highly predictable that these failures would result in Constitutional violations, like those that occurred in this case.  The Bishop Family's tragedy was the foreseeable consequence of the failures of the Buckley Police Department to equip its law enforcement officers with the necessary tools to handle recurring situations that require the use of de-escalation techniques, non-lethal tactics, and the appropriate decision-making process that should accompany use of lethal force.

43.  The civil rights violations delineated herein were proximately caused by Defendants' customs, policies, practices, ratification of misconduct, and usages.

44.  As a result of the actions and deliberate indifference of Defendants, Quincy Bishop was fatally shot and experienced substantial pre-death pain, suffering, terror, and anxiety prior to his death.

45.  As a result of these and other violations by Defendants, Plaintiffs B.G.B and M.D.B lost their father; Plaintiffs Douglas and Victoria Bishop lost their son; and Plaintiff Cory Bishop, who witnessed the needless shooting of his brother, and Plaintiff Kiara Bishop suffered severe emotional distress as a direct and proximate result of Defendants' deliberate indifference, callousness and negligence.

### VII.  THIRD CAUSE OF ACTION –VIOLATIONS OF CORY BISHOP'S CONSTITUTIONAL RIGHTS BY DEFENDANTS

46.  The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures of the person and entries into house and property.

47. Defendants violated Cory Bishop's constitutional rights by engaging in an unreasonable seizure, engaging in and unlawfully detaining Cory Bishop in a police car for hours after he witnessed his brother being shot and killed by a police officer —as set forth herein, and in other respects as well.

### VIII. FOURTH CAUSE OF ACTION – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

48. As a direct and proximate result of the negligent acts of Defendants, as described above and in other respects, Plaintiff Cory Bishop suffered serious emotional anguish and trauma, including severe emotional distress. Just steps away from his brother, Quincy, Cory was a bystander and in the zone of danger and watched in shock and horror as his brother was needlessly shot and killed by officers acting under color of law.

49. As a direct and proximate result of the injury to her husband, Kiara Bishop has experienced general and special damages including emotional distress, mental injury, loss of consortium, loss of love and affection, loss of companionship and loss of her relationship with her husband.

### IX. FIFTH CAUSE OF ACTION – NEGLIGENCE - CITY OF BUCKLEY

50. Defendants owed a duty to exercise ordinary care when engaging in law enforcement functions.

51. Defendants owed a duty of reasonable care to follow appropriate police practices and procedures in the detention, control, contact, questioning, and arrest of citizens. Defendants owed a duty to refrain from negligently, unreasonably, recklessly, and wantonly using deadly force against citizens of Pierce County; needlessly and dangerously escalating routine law enforcement encounters; failing to secure a scene; and creating a deadly force situation.

52. Defendants owed a duty to ensure that the officers in its agency are fit for service and properly trained in police standards and protocols regarding control of a scene, dealing with citizens so as not to unnecessarily escalate encounters and to be familiar with and follow proper and reasonable standards regarding the use of deadly force.

53. Defendants breached these duties when City of Buckley officers engaged in the improper, unreasonable, unnecessary and excessive use of force, including but not limited to the handling of events at the scene of this incident, the shooting and killing of Quincy Bishop, and the false imprisonment and detention of Cory Bishop.

54. Defendants breached their duties as described above, and in other ways, which may become known through the course of discovery.

55. The negligent and unreasonable actions of Defendant occurred while the officer(s) were in the course of their police work and amounted to misfeasance that created a risk of harm, and actual harm, which ultimately resulted in Quincy Bishop's death and damages to each of the Plaintiffs. The officer(s)' actions were unreasonable, excessive, and well outside standards that reasonable police officers follow when interacting with citizens.

56. As a direct and proximate result of the Defendants' negligence, unreasonable conduct, and failure to follow proper police practices and procedures, Plaintiffs suffered general and specific damages, including severe emotional distress, unnecessary death of Quincy Bishop, and the unnecessary lost love, companionship, and guidance of a father.

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request a judgment against Defendants, as follows:

57. Awarding Plaintiffs general and special damages, including damages for pain, suffering, terror, and loss of consortium, pursuant to 42 U.S.C. §§ 1983 and 1988, and in

amounts otherwise to be proven at trial;

58. Awarding reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988, or as otherwise available under the law;

59. Awarding damages to Plaintiffs, and each of them, for the unreasonable, negligent conduct of Defendants for the negligent infliction of emotional distress, false imprisonment, negligent failure to follow reasonable and standard police policies, and practices, and unnecessary and unreasonable use of excessive, deadly force.

60. Awarding punitive damages on Plaintiffs' claims under 42 U.S.C. § 1983;

61. Awarding all applicable pre and post-judgment interest as permitted by law;

62. Awarding such other and further relief as the Court deems just and proper.

## IX. DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a jury for all issues so triable.

DATED this 7th day of October, 2022.

CONNELLY LAW OFFICES, PLLC

By: /s John R. Connelly, Jr.
John R. Connelly, Jr., WSBA No. 12183
Jconnelly@connelly-law.com

By: /s Meaghan M. Driscoll
Meaghan M. Driscoll, WSBA No. 49863
mdriscoll@connelly-law.com

By: /Samuel J. Daheim
Samuel J. Daheim, WSBA No. 52746
sdaheim@connelly-law.com
Attorneys for Plaintiffs
2301 North 30th Street
Tacoma, WA 98403