HONORABLE BENJAMIN H. SETTLE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| DOUGLAS BISHOP, as an individual, and as Personal Representative for the ESTATE OF QUINCY BISHOP, and on behalf of B.G.B. and M.D.B, minors, VICTORIA BISHOP, as an individual, CORY BISHOP and KIARA BISHOP and the marital community comprised thereof; <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF BUCKLEY, a political subdivision of the State of Washington d/b/a Buckley Police Department, ARTHUR FETTER, an individual and KURT ALFANO, an individual; <br><br> Defendants. | No.   3:22−cv−05759−BHS <br><br> **JOINT STATUS REPORT** |

Counsel for the above-named Plaintiffs and counsel for Defendants, conferred on December 29, 2022, and hereby submit this Joint Status Report for the Court's review. The

following answers are in response to the issues listed in the Court's October 12, 2022 Order (Dkt. No. 5.).

1. **Statement of Nature and Complexity of the Case:**

This is a 42 U.S.C. § 1983 and wrongful death claim arising from the shooting and killing of Quincy Bishop by law enforcement officers. Plaintiffs allege Quincy Bishop was unnecessarily shot and killed outside of his home following law enforcement officers' failures to follow standard policies and procedures and to properly control the scene, among other acts and omissions that led to the preventable shooting. Plaintiffs are the Estate of Quincy Bishop, and his surviving family members, including parents Douglas and Victoria Bishop, brother Cory Bishop, sister-in-law Kiara Bishop, and his two minor children B.G.B. and M.D.B. Defendants are the City of Buckley, acting through the Buckley Police Department, Arthur Fetter, and Kurt Alfano. Plaintiffs allege Officer Fetter was the instigating and main responding officer who recklessly escalated a routine encounter, failed to control the scene, and whose actions led to the wrongful and excessive use of deadly force. Kurt Alfano is the Chief of the Buckley Police Department and failed to train and maintain a police force with adequate training and policies and procedures, among other institutional failures.

Plaintiffs allege violations of 42 U.S.C. § 1983, negligence, and negligent infliction of emotional distress and resulting damages, including compensatory and punitive damages. Defendants deny the claims and the extent of damages and assert affirmative defenses.

2. The parties do not currently anticipate any additional parties will be joined.

3. The parties do not consent to a magistrate judge.

4. The parties do not believe any unusual discovery plan is necessary.

A. **Initial Disclosures**: January 10, 2023 by mutual agreement of the parties.

1. **Expert Disclosures** will occur on or before **November 7, 2023**, or ninety (90) days before the date for trial, whichever is later.

2. **Rebuttal Disclosures** will occur on or before **January 5th, 2024**, or no later than thirty-one (31) days before the date for trial, whichever is later.

B. **Subjects, timing, and potential phasing of discovery** - Discovery will be conducted regarding the facts alleged in the Complaint, and Plaintiffs' alleged damages, as well as the Answer and affirmative defenses.

C. **Electronically Stored Information**: All electronically stored information will be treated like any other document in possession of the parties.

D. **Privilege Issues**: The Parties anticipate that the attorney-client privilege, work-product privilege, and anticipation of litigation privilege may be asserted in this case. Confidential or proprietary information may also be requested, and in the event that privilege(s) is claimed, the Parties agree to attempt to agree to a proposed protective order to facilitate the exchange of this information. The Parties further assert that this disclosure and agreement does not affirmatively preclude utilization of privileges not specifically identified herein.

    E.    **Limitations on Discovery**: The Parties do not anticipate that this case will require any changes to the limitations on discovery imposed under the Federal and Local Civil Rules.  If, in the future, any changes are necessary, the Parties will work in good faith to reach agreement.  If the parties cannot agree, the parties will present a motion to the Court.

    F.    **Discovery Related Orders**:  At this time the Parties have no suggestions for any other orders that should be entered by the Court.

5.    Agreement re Local Civil Rule 26(f)(1) - The parties may agree to mediate at some point prior to trial.

    A.    **Prompt Case Resolution**:  In an effort to achieve prompt case resolution, the Parties will endeavor to schedule mediation prior to trial.

    B.    **ADR**:  The Parties agree to participate in mediation as the chosen form of ADR pursuant to Fed. R. Civ. P. 39.1.

    C.    **Related Cases**:  There are no related cases currently pending.

    D.    **Discovery Management**:  The Parties will act cooperatively and in good faith to manage discovery to minimize expense to the litigants.

    E.    **Anticipated Discovery Sought**: The Parties anticipate that discovery will include, but is not limited to: written discovery to the parties (i.e., interrogatories, requests for production, requests for admission, etc.); documents and other discovery regarding alleged policy violations, damages and defenses; deposition testimony from the parties to the

lawsuit; and deposition testimony from witnesses regarding the various claims and defenses asserted in this action.

    F.    **Phasing Motions**:  The Parties do not believe that phased discovery is necessary at this time, but they reserve the right to request phased discovery in the future if necessary.

    G.    **Preservation of Discoverable Information**:  The Parties agree to preserve all discovery evidence.

    H.    **Privilege Issues:**  Please see 4-D above.

    I.    **Model Protocol**:  The parties agree to follow the Model Protocol for Discovery of ESI.

    J.    **Alternatives to Modern Protocol**:  The Parties do not suggest any alternatives to the Model Protocol.

6. The discovery deadline should be approximately 120 days prior to the trial date.

7. The parties do not anticipate bifurcation at this time.

8. The parties do not believe pretrial statements and the pretrial order should be dispensed with.

9. The parties have no other suggestions for handling this case.

10. Plaintiffs are available for and propose a trial date of February 5th, 2024.

11. The Parties request a Jury trial.

12. The Parties believe the trial will last approximately 10 Court days.

13. For Plaintiff:

    John R. Connelly
    Meaghan Driscoll
    Samuel Daheim
    Connelly Law Offices
    2301 North 30th Street
    Tacoma, WA  98403
    T: 206-816-3002

For Defendants:

    Thomas P. Miller
    Salim D. Lewis
    Christie Law Group, PLLC
    2100 Westlake Avenue N., Suite 206
    Seattle, WA 98109
    T: 206-957-9669

14. Plaintiffs' conflicts are August 11 to 30, 2023; September 1 to 15, 2023; and November 20, 2023 through December 26, 2023, inclusive, and a three week trial commencing August 26, 2024.

Defendants' conflicts are as follows:

September 19–28, 2023; October 16 – November 2, 2023; and February 5-19; 26–29, 2024.

15. The Defendants have been served with the Summons and Complaint in this matter.

16. A status conference is not currently scheduled and the parties do not believe one is necessary before the Court enters a scheduling order in this case.

///

//

/

1  DATED this 10th day of JANUARY, 2023.

2  PRESENTED BY:

3                       CONNELLY LAW OFFICES, PLLC

5                       By  */s John R. Connelly, Jr.* _____
                        John R. Connelly, Jr., WSBA No. 12183
                        Meaghan M. Driscoll, WSBA No. 49863
6                       Samuel J. Daheim, WSBA No. 52746
                        2301 N. 30th Street
7                       Tacoma, WA 98403
                        Telephone: (509) 863-2742
8                       Email: jconnelly@connelly-law.com
                        Email: mdriscoll@connelly-law.com
9                       Email: sdaheim@connelly-law.com
                        Attorneys for Plaintiffs

12
13                       Christie Law Group, PLLC

15                       By  */s Thomas P. Miller*_____
                        Thomas P. Miller, WSBA No. 34473
16                       Salim D. Lewis, WSBA No. 52660
                        2100 Westlake Avenue North, Suite 206
17                       Seattle, WA 98109
                        Telephone: (206) 957-9669
18                       Email: tom@christielawgroup.com
                        Email: salim@christielawgroup.com
                        Attorneys for Defendants