UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOUGLAS BISHOP, et al., | CASE NO. C22-5759-KKE |
| Plaintiff(s), | ORDER DENYING DEFENDANTS' MOTIONS TO STRIKE |
| v. | |
| CITY OF BUCKLEY, et al., | |
| Defendant(s). | |

This matter comes before the Court on three motions to strike filed by Defendants. Dkt. Nos. 45, 46, 48. The Court has considered the parties' briefing and supportive evidence, and the oral argument of counsel. As explained during oral argument, the Court denies the motions at this time, without prejudice to revisiting the issues as necessary in the context of a motion in limine.

## I.    DAHEIM DECLARATION

Defendants argue that some of the evidence attached to the declaration of Samuel Daheim (Dkt. No. 38) contains "impermissible character evidence" about Defendant Arthur Fetter that is unrelated to a primary issue in this case: whether Fetter's use of force against Quincy Bishop[1] was excessive under the circumstances. Dkt. No. 45.

---

[1] Because several of the people involved in this litigation share the same last name (Bishop), the Court refers to members of this family by first names after the first reference.

ORDER DENYING DEFENDANTS' MOTIONS TO STRIKE - 1

Whether Fetter's use of force was excessive is not the only issue presented in this case, however. As noted by Plaintiffs, the contested evidence relates to their claims against Defendant City of Buckley. Although Defendants argue in reply and at oral argument that the contested evidence is not sufficient to establish municipal liability (Dkt. No. 56 at 3), or that it does not show any notice to the City (*id*. at 4), this argument retreats from the original contention that the evidence should be excluded because it is categorically improper.

Because the contested evidence attached to the Daheim declaration is relevant as to Plaintiffs' claims against the City, the Court denies the motion to strike it.

## II.    HICKS DECLARATION

Defendants move to strike three paragraphs from the declaration of Plaintiffs' expert Russell Hicks (Dkt. No. 41) on the grounds that those paragraphs contain expert opinions not timely disclosed and/or reference topics outside the scope of expert opinion. Dkt. No. 46. The Court has reviewed the contested paragraphs and finds that they were either adequately disclosed in either Hicks' report or his deposition testimony and/or that the statements are outside the scope of expert opinion. To the extent that Hicks' declaration contains statements that do not reflect expert opinion, the Court finds no need to strike them for purposes of resolving the pending motion for partial summary judgment.

## III.    BISHOP DECLARATION

Defendants move to strike specific paragraphs of Cory Bishop's declaration as a sham affidavit. Dkt. No. 48. The Court finds that Cory's declaration is not directly inconsistent with Cory's deposition testimony, but instead represents either an elaboration upon his deposition testimony or addresses topics that he was not asked about during his deposition. Accordingly, Cory's declaration is not a sham affidavit. *See Messick v. Horizon Indus. Inc.*, 62 F.3d 1227, 1231 (9th Cir. 1995) ("[T]he non-moving party is not precluded from elaborating upon, explaining or

clarifying prior testimony elicited by opposing counsel on deposition; minor inconsistencies that result from an honest discrepancy, a mistake, or newly discovered evidence afford no basis for excluding an opposition affidavit.").

### IV. CONCLUSION

For these reasons, the Court DENIES Defendants' motions to strike. Dkt. Nos. 45, 46, 48.

Dated this 19th day of March, 2024.

Kymberly K. Evanson
United States District Judge

ORDER DENYING DEFENDANTS' MOTIONS TO STRIKE - 3